IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., and PHILIPS NORTH AMERICA LLC<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.<br><br>Defendant. | Civil Action No. 20-1242-CFC |

## MEMORANDUM ORDER

Plaintiffs Koninklijke Philips N.V. and Philips North America LLC (collectively Philips) have sued Defendant Lenovo (United States) Inc. (Lenovo) for direct and indirect (i.e., induced and contributory) patent infringement. D.I. 29. Pending before me is Lenovo's Motion to Dismiss Philips' Claims of Indirect Infringement. D.I. 31.

Philips has asserted four patents in this patent infringement suit: U.S. Patent Nos. 9,436,809 (the #809 patent); 10,091,186 (the #186 patent); 9,590,977 (the #977 patent); and 10,298,564 (the #564 patent). D.I. 29 ¶¶ 7–10. The patents primarily teach "a method for a first communication device to [perform] authenticated distance measurement between a first communication device and a second communication device . . . [for] determining whether data stored on a first

communication device is to be accessed by a second communication device." #809 patent at 1:26–31; #186 patent at 1:31–37; #977 patent at 1:30–36; #564 patent at 1:33–39; *see also* D.I. 29 ¶¶ 7–10. The patents are also directed towards devices that perform these methods. #809 patent at 1:32–36; #186 patent at 1:37–41; #977 patent at 1:37–41; #564 patent at 1:39–43. As Lenovo concedes, the patents share the same written description, figures, and claimed priority date. *See* D.I. 29-1, Ex. A–D; *see also* D.I. 32 at 5.

Lenovo develops an array of consumer electronics and other video-capable devices. D.I. 29 ¶ 22. These include, for example, laptops, desktops, smartphones, tablets, computer monitors, and video adapters. D.I. 29 ¶ 22. At issue in this suit are Lenovo video-capable devices that support High-bandwidth Digital Content Protection protocol 2.0 and above (HDCP 2+). D.I. 29 ¶ 22. HDCP 2+ is a form of digital copy protection used in certain video-capable devices. Philips alleges that all of Lenovo's "digital video-capable devices . . . that support the HDCP 2.0[+] protocol" infringe the asserted patents. D.I. 29 ¶ 22.

Lenovo seeks dismissal of Philips' indirect infringement claims with respect to the #186, #977, and #564 patents. D.I. 31 at 1. It has not moved to dismiss Philips' indirect infringement claims with respect to the #809 patent. *See* D.I. 31 at 1.

I.  **LEGAL STANDARDS**

A.  **Rule 12(b)(6)**

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

B.  **Induced and Contributory Infringement**

A plaintiff can prevail on claims of induced and contributory infringement only if it first establishes direct infringement. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[I]nducement liability may arise if, but only if, there is direct infringement." (internal quotation marks, alterations, and citation omitted)); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S.

3

336, 341 (1961) ("[I]f there is no direct infringement of a patent there can be no contributory infringement."). Lenovo does not argue in this Rule 12(b)(6) motion—or in any other motion—that Philips has failed to state direct infringement claims on which relief can be granted. So for the purposes of this motion, I will presume that Philips has plausibly pleaded direct infringement.

Both "induced infringement [and] contributory infringement require[] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (citation omitted). A patentee can establish knowledge of patent infringement by showing that the defendant was willfully blind—i.e., by showing that the defendant (1) subjectively believed that there was a high probability that the induced acts constituted infringement and (2) took deliberate actions to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

For "an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (internal quotation marks and citation omitted). Contributory infringement requires a showing that the accused infringer "offers to sell or sells . . . a component of a

4

patented [invention], . . . *knowing* the same to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c) (emphasis added). Contributory infringement thus requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 457, 488 (1964).

## II. DISCUSSION

Lenovo argues that the Amended Complaint fails to "allege any facts that plausibly support an inference that prior to the complaint Lenovo had actual knowledge of Philips' infringement claims." D.I. 32 at 11. Philips responds by pointing to three pre-suit notice letters that it alleges it sent Lenovo. D.I. 41 at 4–5 (citing D.I. 29 ¶¶ 20, 25, 26). None of these letters, however, mention the #186 patent, the #977 patent, or the #564 patent. Instead, they reference the #809 patent and another patent not asserted in this case. But allegations about unasserted patents do not plausibly imply that Lenovo had knowledge of infringement of the asserted patents. *VLSI Tech. LLC v. Intel Corp.*, 2020 WL 3488584, at *5 (D. Del. June 26, 2020) ("Allegations about . . . patents not asserted here do not plausibly establish that [Plaintiff] had knowledge of infringement of [the asserted patents]."); *see also Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) ("The requisite knowledge of

5

the patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar.") (emphasis in the original).

Nor do the notice letters plausibly plead willful blindness. A defendant is willfully blind to patent infringement only if it "takes deliberate actions to avoid confirming a high probability of wrongdoing and . . . can almost be said to have actually known the critical facts." *Global-Tech*, 563 U.S. at 769. But Philips has not pleaded any allegations that point with particularity to any deliberate acts that Lenovo took to avoid confirming any probability—let alone a high one—that Lenovo was infringing patents that did not even exist when Philips sent its notice letters.

Philips' remaining allegations of knowledge are similarly deficient. First, Philips argues that Lenovo either knew about—or was willfully blind to—Philips' licensing and litigation efforts against other "large, multinational electronics companies." D.I. 29 ¶ 28. But "allegations about monitoring competition generally" do not plausibly plead knowledge of infringement. *See VLSI*, 2020 WL 3488584, at *5. Second, Philips alleges that Lenovo assisted or participated "in an effort to design around the Asserted Patents." D.I. 29 ¶ 29. But software is constantly updated and redesigned for a multitude of reasons unrelated to concerns of patent infringement. Philips points to no facts that plausibly plead that Lenovo's role in any potential alternative HDCP 2+ designs affected Lenovo's

6

knowledge of the asserted patents or potential infringement of them. Therefore, these allegations are also insufficient.

Finally, Philips alleges that its original complaint and an infringement letter that it sent to Lenovo a day before filing the complaint plausibly plead knowledge of infringement. D.I. 29 ¶ 20. The complaint, however, "cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced damages." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250 (D. Del. 2021) (citations omitted). And a letter sent via overnight mail the day before a complaint is filed is not sufficient to plead pre-suit knowledge of patent infringement. *See* D.I. 29 ¶ 20; D.I. 32 at 13; D.I. 33-3 at 2; *see also, e.g., Express Mobile, Inc. v. Squarespace, Inc.*, 2021 WL 3772040, at *4 ("These facts do not plausibly support an allegation that Defendant knew that the third parties' acts were infringing the [asserted] Patent, as Defendant was not notified of its infringement until a day before this suit was filed.").

Accordingly, Philips has failed to plausibly plead that Lenovo knew about or was willfully blind to infringement of the #977, #186, and #564 patents, and I will grant Lenovo's motion to dismiss.

Philips requests leave to amend any deficiencies in its Amended Complaint. D.I. 41 at 18–19. Federal Rule of Civil Procedure 15 governs amendments to pleadings generally, providing that "[t]he court should freely give leave [to amend]

7

when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 520 (D. Del. 2010) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Absent a showing of undue delay, bad faith or dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendment previously allowed, or futility of the amendment, leave to amend under Rule 15 should generally be permitted. *Id.* at 520–21 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But "[i]f the complaint, as amended, would not survive a motion to dismiss, leave to amend may be denied as futile." *Delaware Display Grp. LLC v. Lenovo Grp. Ltd., Lenovo Holding Co.*, 2016 WL 720977, at *7 (D. Del. Feb. 23, 2016) (citation omitted).

Philips amended its original complaint in response to Lenovo's first motion to dismiss and pursuant to Rule 15(a)(1)(B). *See* D.I. 27; *see also* Fed. R. Civ. P. 15(a)(1)(B) (allowing a party to amend its pleading once as a matter of course "21 days after service of a motion under Rule 12(b)"). Philips did not amend its complaint after any claims were dismissed. "Because Rule 15(a)(2) requires that leave to amend be freely granted 'when justice so requires,' and because this is the first time that a court has found [Philips'] allegations deficient, [Philips] will be given leave to file a further amended complaint with respect to induced [and

8

contributory] infringement." *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, 2018 WL 6629709, at *5 (D. Del. Dec. 19, 2018).

* * * *

NOW THEREFORE, at Wilmington on this Eleventh day of March in 2024, it is **HEREBY ORDERED** that Defendant Lenovo (United States) Inc.'s Motion to Dismiss Philips' Claims of Indirect Infringement (D.I. 31) with respect to the #186, #977, and #564 patents is **GRANTED** and Philips' claims of indirect infringement are **DISMISSED WITHOUT PREJUDICE** to renew.

If Philips seeks to amend its claims for indirect infringement, it must do so no later than April 2, 2024.

_____
CHIEF JUDGE